JUDGE SWAIN

06 CV 3424

LASSER HOCHMAN, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700 tel.
(973) 226-0844
Attorneys for Plaintiff
Day Village Limited Partnership
Richard L. Zucker (RZ 5435)



RECEIVED
MAY 03 2006
U.S.D.C. S.D. N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAY VILLAGE LIMITED PARTNERSHIP, : <br><br> Plaintiff, : <br><br> v. : <br><br> CW CAPITAL, L.L.C., : <br><br> Defendant. : | Civil Action No. :  06 CV 3424  (LTS) <br> ECF CASE <br><br> **COMPLAINT** <br> **AND JURY DEMAND** |

Plaintiff, Day Village Limited Partnership, a Maryland limited partnership, having an address at 18 East 22nd Street, New York, New York 10010, by way of complaint against defendant CW Capital, L.L.C. says:

### PARTIES AND JURISDICTION

1.      Plaintiff Day Village Limited Partnership is a Maryland limited partnership with

a place for the transaction of business at 18 East 22nd Street, New York, New York 10010.  Day

Village Limited Partnership is the former owner of real property known as Day Village Apartments

and located at 503 Avondale Road, Dundalk, Maryland (the "Property").  The sole general partner

of Day Village Limited Partnership is William S. Ehrlich who is a citizen of New York.  The sole

limited partner of Day Village Limited Partnership is Milton L. Ehrlich, Inc., which is a New York

corporation with its principal place of business located at 18 East 22nd Street, New York, New York

10010.  Thus, plaintiff Day Village Limited Partnership is a citizen of New York.

2.      Defendant CW Capital L.L.C. is, upon information and belief, a Massachusetts

limited liability company with a principal place of business located at One Charles River Place, 63

Kendrick Street, Needham, Massachusetts 02494.  Defendant CW Capital, L.L.C. is a citizen of

Massachusetts.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that

both plaintiff and defendant are citizens of different States and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs.

## BACKGROUND INFORMATION COMMON TO ALL COUNTS

4.      On or about March 29, 1984, plaintiff became the fee owner of the Property.

5.      On or about February 1, 1996, plaintiff refinanced the first mortgage on the Property

pursuant to a mortgage refinancing transaction in which an entity known as Continental Wingate

Associates, Inc. served as the mortgage lender and in which plaintiff Day Village Limited

Partnership was the borrower.

6.      On or about February 1, 2002,  Continental Wingate Associates, Inc. changed its

name to defendant CW Capital, L.L.C.

2

7.     Pursuant to paragraph 11 of the Deed of Trust, plaintiff was obligated to keep the existing and any future improvements on the Property insured against loss by fire and other hazards, casualties and contingencies and other hazards as stipulated by the Commissioner of Housing and Urban Development and/or as specified by the Beneficiary of the Deed of Trust, i.e., defendant CW Capital, L.L.C.

8.     Specifically, in paragraph 11 of the Deed of Trust, Day Village Limited Partnership covenanted and agreed:

> That the Grantor [Day Village Limited Partnership] will keep the improvements now existing or hereafter erected on the mortgaged property insured against loss by fire and such other hazards, casualties and contingencies, as may be stipulated by the Commissioner upon the insurance of the mortgage and other hazards as may be required from time to time by the Beneficiary, and all such insurance shall be carried in such companies and be for such periods as may be required by the beneficiary, and be in an amount which will comply with the coinsurance clause applicable to the location and character of the property but not less than eighty per centum (80%) of the actual cash value of the insurable improvements and equipment of the property. Such policies shall be in standard form and endorsed with standard mortgagee clause with loss payable to the Beneficiary and shall be deposited with the Beneficiary.
>
> That if the premises covered hereby, or any part thereof, shall be damaged by fire of other hazard against which insurance is held as hereinbefore provided, the amounts paid by any insurance company pursuant to the contract of insurance shall, to the extent of the indebtedness then remaining unpaid, be paid to the Beneficiary, and at its option, may be applied to the debt or released for the repairing or rebuilding of the premises.

9.     Flood insurance was required on the Property.

10.    Pursuant to Paragraph 7 (b) of the Deed of Trust, plaintiff covenanted and agreed:

> That, in order to more fully protect the security of this Deed of Trust, the Grantor, together with and in addition to, the monthly payments

3

of interest or of principal and interest under the terms of the note secured hereby beginning on the first day of the first month after the date hereof and monthly thereafter until the said note is fully paid, will pay to Beneficiary the following sums:

*   *   *   *   *

(b)    A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other property insurance covering the premises covered hereby, plus water rates, taxes and assessments next due on the premises covered hereby (all as estimated by the Beneficiary) less all sums already paid therefore, divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, water rates, taxes and assessments will become delinquent, such sums to be held by Beneficiary in trust to pay said ground rents, premiums, water rates, taxes, and special assessments.

11.    Defendant established an insurance escrow account relating to the Property.

12.    Defendant contends that it placed flood insurance on the Property for the period August 25, 2003 through August 23, 2004, debited the previously-established insurance escrow account maintained by defendant in favor of plaintiff in the amount of $25,435.59 and charged plaintiff $25,435.59 for the same.

13.    Plaintiff subsequently paid $25,435.59 to defendant in order to replenish the insurance escrow held by defendant.

14.    Pursuant to paragraph 11 of the Deed of Trust, if the Property was covered by insurance as required pursuant to the Deed of Trust, and the Property sustained damage from a hazard against which such insurance was held, then the amounts paid by any insurance company pursuant to the contract of insurance were required to be paid, to the extent of the then outstanding mortgage indebtedness, to the Beneficiary of the Deed of Trust.

15.    Pursuant to the Deed of Trust, the Beneficiary could apply the insurance proceeds to

either: 1) reduce the then-outstanding indebtedness due under the Deed of Trust, or, 2) release said insurance proceeds for repairing or rebuilding of the improvements on the Property.

16.    On or about September 18, 2003 the Property suffered extensive flood damage as a result of Hurricane Isabel.

17.    Subsequent to September 18, 2003, plaintiff expended substantial moneys to restore the improvements on the Property.

18.    Notwithstanding that defendant contends that it had placed flood insurance on the Property, defendant either: a) failed to obtain flood insurance covering the Property; b) failed and refused to submit a claim for flood damage to the Property to the insurer under the policy of flood insurance covering the Property; or, c) received insurance proceeds from such a claim and improperly diverted the same to its own use and benefit in derogation of the terms of the Deed of Trust and to plaintiff's financial detriment.

19.    Defendants' failure and refusal to either: a) submit a claim to the flood insurer providing the flood insurance on the Property; or, b) credit Plaintiff for such insurance proceeds received by defendant, has caused plaintiff to suffer monetary damages.

20.    Plaintiff subsequently sold the Property and did not receive a credit for flood insurance proceeds received by defendant in connection with plaintiff's satisfaction of defendant's first mortgage on the Property contrary to the terms of the Deed of Trust.

## First Count – Breach of Contract

21.    Plaintiff repeats the allegations of paragraphs 1 through 20 as if set forth at length herein.

22.    Pursuant to the Deed of Trust, defendant had an obligation to either release for

5

reconstruction or credit against the outstanding mortgage balance any insurance proceeds received on account of an insured loss to the Property for the financial benefit of plaintiff.

23.     Defendant failed to do either in breach of the terms of the Deed of Trust.

24.     As a result of the defendant's failure to either release flood insurance proceeds for reconstruction or credit the same to the outstanding first mortgage balance to plaintiff's financial benefit, plaintiff has suffered damages.

WHEREFORE, plaintiff demands judgment against defendant on the First Count:

(a)     For compensatory damages;

(b)     For interest and costs of suit;

(c)     For such other relief as the Court deems just and proper.

## Second Count - Breach of the Covenant of Good Faith and Fair Dealing

25.     Plaintiff repeats the allegations of paragraphs 1 through 24 as if set forth at length herein.

26.     Upon undertaking to procure flood insurance on the Property, defendant assumed a duty to make a claim under said policy in the event of the occurrence of a covered loss.

27.     The Property suffered a covered loss in the form of extensive flood damage resulting from Hurricane Isabel.

28.     Upon information and belief, defendant failed and refused to submit a claim for flood damage to the insurer with whom defendant placed flood insurance coverage on the Property.

29.     As a direct and proximate result of defendant's failure and/or refusal to submit a claim for flood damage to the insurer with whom defendant placed flood insurance coverage on the Property, defendant has deprived plaintiff of the benefit of the proceeds of such insurance for either:

1) reconstruction purposes, or, 2) as a credit of the same against the outstanding mortgage balance pursuant to the terms of the Deed of Trust.

30.     By depriving plaintiff of the benefit of flood insurance proceeds, defendant has breached the implied covenant of good faith and fair dealing and caused plaintiff damages.

WHEREFORE, plaintiff demands judgment against defendant on the Second Count:

        (a)     For compensatory damages;

        (b)     For interest and costs of suit;

        (c)     For such other relief as the Court deems just and proper.

### Third Count - Unjust Enrichment

31.     Plaintiff repeats the allegations of paragraphs 1 through 30 as if set forth at length herein.

32.     To the extent defendant has submitted a claim for flood damage to the property as a result of flood damage to the Property caused by Hurricane Isabel and received payment for the same, defendant has failed and refused to account for the same to plaintiff.

33.     In the event defendant is permitted to retain any insurance proceeds it received from the insurer with whom defendant placed a policy of flood insurance on the Property as a result of flood damage to the Property resulting from Hurricane Isabel, without giving a credit for the same to plaintiff, defendant will be unjustly enriched.

WHEREFORE, plaintiff demands judgment against defendant on the Third Count:

(a)     For compensatory damages;

(b)     For interest and costs of suit;

(c)     For such other relief as the Court deems just and proper.

### Fourth Count - Imposition of An Equitable Lien & Restitution

34.     Plaintiff repeats the allegations of paragraphs 1 through 33 as if set forth at length herein.

35.     Pursuant to paragraph 11 of the Deed of Trust, defendant could release flood insurance proceeds for repair costs, or apply same to reduce the outstanding mortgage balance.

36.     Defendant has neither released flood insurance proceeds for repair costs, nor reduced the outstanding balance by the amount of such proceeds received.

37.     To the extent defendant has obtained flood insurance proceeds and failed to use them as specified in paragraph 11 of the Deed of Trust, such proceeds constitute trust funds for the benefit of plaintiff.

WHEREFORE, plaintiff demands judgment against defendant on the Fourth Count

(a)     For imposition of an equitable lien on any flood insurance proceeds received by defendant from the insurer who provided flood insurance on the Property for the period August 25, 2003 to August 25, 2004 in the amount of all such proceeds, together with restitution in the amount of the same to plaintiff.

(b)     For interest and costs of suit;

(c)     For such other relief as the Court deems just and proper.

### Fifth Count – Breach of Fiduciary Duty

38.     Plaintiff repeats the allegations of paragraphs 1 through 37 as if set forth at length herein.

39.     Defendant has asserted that it obtained flood insurance on the Property for the period August 25, 2003 to August 25, 2004.

40.     By obtaining flood insurance on the Property, defendant undertook a duty to properly file claims with insurers who provided flood insurance on the Property in the event of a covered loss and to apply the proceeds of any such claims pursuant to the terms of the Deed of Trust for plaintiff's benefit.

41.     Upon information and belief, defendant either: a) failed to file a claim for flood damage based on the September 18, 2003 flood loss at the Property resulting from Hurricane Isabel; or, b) filed such a claim and retained the proceeds of such claim without giving Plaintiff a credit for the same.

42.     Defendant's failure to either file a claim, or properly account for the proceeds of the same to plaintiff, constitutes a breach of fiduciary duty.

43.     Defendant's failure to either file a claim, or properly account for the proceeds of the same to plaintiff, was willful, wanton and done with utter disregard for plaintiff's rights.

44.     As a direct and proximate result of defendant's breach of fiduciary duty, plaintiff has suffered damages.

WHEREFORE, plaintiff demands judgment against defendant on the Fifth Count:

     (a)     For compensatory damages;

     (b)     For punitive damages;

     (c)     For interest and costs of suit, including, without limitation attorneys' fees;

     (d)     For such other relief as the Court deems just and proper.

### Sixth Count – Negligence

45.     Plaintiff repeats the allegations of paragraphs 1 through 44 as if set forth at length herein.

46.     By obtaining flood insurance on the Property, defendant undertook a duty to properly file claims with insurers who provided flood insurance on the Property in the event of a covered loss and to apply the proceeds of any such claims pursuant to the terms of the Deed of Trust for plaintiff's benefit.

47.     Upon information and belief, defendant either: a) failed to file a claim for flood damage based on the September 18, 2003 flood loss at the Property resulting from Hurricane Isabel; or, b) filed such a claim and retained the proceeds of such claim without giving plaintiff a credit for the same.

48.     Defendant's failure to either file a claim, or properly account for the proceeds of the same to plaintiff, constitutes negligence.

49.     Defendant's failure to either file a claim, or properly account for the proceeds of the same to plaintiff, was willful, wanton and done with utter disregard for plaintiff's rights.

50.     As a direct and proximate result of defendant's negligence, plaintiff has suffered damages.

WHEREFORE, plaintiff demands judgment against defendant on the Sixth Count:

     (a)     For compensatory damages;

     (b)     For interest and costs of suit, including, without limitation attorneys' fees;

     (c)     For such other relief as the Court deems just and proper.

LASSER HOCHMAN, L.L.C.
Attorneys for Plaintiff Day Village
Limited Partnership

Dated: May 2, 2006

By: _____
RICHARD L. ZUCKER (RZ 5435)

10

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                                        LASSER HOCHMAN, L.L.C.
                                        Attorneys for Day Village
                                        Limited Partnership

Dated: May 2, 2006          By:_____
                                        RICHARD L. ZUCKER (RZ 5435)

P:\DOCS\SEC\eas\DayVillageComplaint.wpd