```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
```

DAY VILLAGE LIMITED PARTNERSHIP

    Plaintiff,

  -v-                                 No. 06 Civ. 3424 (LTS) (HBP)

CW CAPITAL L.L.C.,

    Defendant.

```
------------------------------------------------------x
```

LAURA TAYLOR SWAIN, U.S.D.J.

### MEMORANDUM OPINION AND ORDER

Plaintiff Day Village Limited Partnership ("Plaintiff" or "Day Village"), a Maryland-based limited partnership, alleges that Defendant CW Capital, L.L.C. ("Defendant" or "CW Capital"), a Massachusetts-based limited liability company, violated Day Village's rights under a Deed of Trust in connection with an apartment complex owned by Plaintiff. Plaintiff alleges breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, and negligence, and seeks the imposition of an equitable lien and restitution. Pursuant to a Court order dated May 11, 2006, Plaintiff filed a supplement to the Complaint alleging the citizenship of the individual members of CW Capital. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant moves to dismiss the Complaint for improper venue or, in the alternative, transfer venue to the District of Maryland. The Court has thoroughly considered all the parties' submissions and, for the following reasons, denies Defendant's motion to dismiss or

transfer venue.

## BACKGROUND

The following facts alleged in the Complaint are taken as true for the purposes of the instant motion to dismiss. Plaintiff is a Maryland limited partnership whose individual partners are citizens of New York and whose principal place of business is located in New York. (Compl. ¶ 1.) Defendant is a Massachusetts limited liability company with its principal place of business located in Massachusetts. (Id. ¶ 2.) The members of CW Capital are citizens of Massachusetts or Canada. (Suppl. Compl. ¶ 3.)

On March 29, 1984, Plaintiff bought real property known as Day Village Apartments (the "Property"), which is located in Maryland. (Compl. ¶¶ 1, 4.) On or about February 1, 1996, Plaintiff refinanced the first mortgage on the Property. Defendant served as the mortgage lender. (Id. ¶ 5.)[1] The parties entered into a Deed of Trust in connection with the Property. (Id. ¶ 7.) The relevant portion of the Deed of Trust provided that Plaintiff would make any payments related to insurance coverage for the Property. (Id. ¶¶ 7-8.) Defendant established an insurance escrow account for the Property and debited the account $25,435.59 in order to acquire flood insurance on the Property for the period of August 25, 2003, to August 23, 2004. (Id. ¶¶ 11-12.) Plaintiff subsequently paid Defendant $25,435.59 in order to replenish the insurance escrow held by Defendant. (Id. ¶ 13.) Pursuant to the terms of the Deed of Trust, any insurance proceeds could be used to reduce the debt owed under the mortgage or to repair or rebuild the improvements on the Property. (Id. ¶ 15.)

---

[1] At the time of the refinancing, Defendant was known as Continental Wingate Associates. It changed its name to CW Capital L.L.C. in February 2002. (Compl. ¶ 6.)

On September 18, 2003, the Property suffered extensive flood damage as a result of a hurricane. (Id. ¶ 16.) Plaintiff subsequently expended substantial monies to rebuild and repair the improvements on the Property. (Id. ¶ 17.) Plaintiff alleges that even though Defendant had contended it acquired flood insurance, Defendant failed to obtain the coverage, failed to submit a claim for the flood damage, or received the insurance proceeds and improperly diverted them to Plaintiff's detriment. (Id. ¶ 18.) Plaintiff alleges monetary damages as a result of Defendant's failure to submit a claim or credit Plaintiff for the insurance proceeds in connection with its satisfaction of the mortgage. (Id. ¶ 19.) Plaintiff subsequently sold the property without receiving any credit from Defendant for the flood insurance proceeds. (Id. ¶ 20.) Plaintiff consequently brings claims of breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, and negligence, and seeks the imposition of an equitable lien, and restitution. (Id. ¶¶ 21-50.) Plaintiff seeks monetary damages exceeding $75,000. (Supp. Compl. ¶ 2.)

## DISCUSSION

*Motion to Dismiss for Improper Venue*

Defendant moves to dismiss the action for improper venue under Federal Rule of Civil Procedure 12(b)(3). A diversity action may be brought in any district where any defendant resides, if all defendants reside in the same state, and a corporate defendant is deemed to reside in any judicial district where it is subject to personal jurisdiction at the time the action is commenced. See 28 U.S.C. §§ 1391(a)(1) and (c).

On a motion to dismiss for improper venue, the burden of demonstrating proper

venue falls on the plaintiff. See E.P.A. ex rel. McKeown v. Port Auth. of N.Y. and N.J., 162 F.Supp. 2d 173, 183 (S.D.N.Y. 2001). In making its determination, the Court accepts all the allegations in the complaint as true unless contradicted by the defendant's affidavits. Id. The Court may "examine facts outside the complaint [including affidavits and declarations] to determine whether venue is proper [and] must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." Concesionaria DHM v. Int'l Fin. Corp., 307 F.Supp. 2d 553, 555 (S.D.N.Y. 2004) (citations omitted); Burrell v. State Farm Fire & Cas. Co., No. 00 Civ. 5733, 2001 WL 797461, at *3 (S.D.N.Y. July 12, 2001) (in deciding a motion for improper venue "a court may consider facts outside the pleadings" and should view the facts in the light most favorable to the plaintiff).

Plaintiff has proffered facts sufficient to show that the Southern District of New York is a proper venue for the instant case. Because this is a diversity action and there is only one defendant, venue is proper in any district where Defendant resides. As a corporate entity, Defendant is considered a resident of any district where it is subject to personal jurisdiction. See 28 U.S.C. § 1391(c); Intuition Consol. Group, Inc. v. Dick Davis Publ'g Co., No. 03 Civ. 5063, 2004 WL 594651, at *4 (S.D.N.Y. March 25, 2004) (recognizing that a limited liability company is treated as a corporate entity under 28 U.S.C. § 1391(c)); see also Hsin Ten Enter. USA, Inc. v. Clark Enters., 138 F. Supp. 2d 449, 458 (S.D.N.Y. 2000) (noting the broad application of section 1391(c) to include unincorporated associations and multi-member partnerships) (collecting cases). The facts alleged by Plaintiff support the existence of personal jurisdiction. Plaintiff has proffered a declaration asserting that Defendant's own website recites that it maintains New York City offices for its structured finance and capital markets units and that Defendant has made

loans relating to two New York city properties. (See Certification of William S. Ehrlich in Opp. to Mot. to Dismiss, ¶¶ 6-7.) Moreover, Defendant has not contested personal jurisdiction[2] and concedes that it is subject to personal jurisdiction based on the fact that it does business in New York. (See Reply Mem. in Supp. of Mot. to Dismiss, at 3 n.2). Accordingly, the Southern District is an appropriate venue for this action and Defendant's motion to dismiss for improper venue is denied.[3]

*Motion to Transfer Venue*

In the alternative, Defendant moves, pursuant to 28 U.S.C. §1404(a), to transfer this action to the District of Maryland. A plaintiff's choice of forum is generally entitled to considerable weight. See Iragorri v. United Techs. Corp., 274 F.3d 65, 71 (2d Cir. 2001). "The moving party has the burden to establish a clear and convincing showing that a transfer is appropriate and that the motion should be granted." Matera v. Native Eyewear, Inc., 355 F. Supp. 2d 680, 687 (E.D.N.Y. 2005) (citing Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950)). The moving party must supply an affidavit that contains detailed factual statements

---

[2] By not contesting personal jurisdiction in a Rule 12(b) motion, a defendant, pursuant to Rule 12(h)(1)(A), waives any lack of personal jurisdiction defense.

[3] Defendant also moves to dismiss for lack of subject matter jurisdiction, arguing that this case involves claims under the National Flood Insurance Act ("NFIA") and that the NFIA grants exclusive jurisdiction of such claims to the district court in which the insured property is located. However, the National Flood Insurance Act is not applicable here as it covers actions against insurance companies providing flood insurance with the assistance of the Government. See 42 U.S.C. §§ 4051-56 and 42 U.S.C. §§ 4071-4072; Palmieri v. Allstate Ins. Co., 445 F.3d 179 (2d Cir. 2006) (describing the National Flood Insurance Act and noting that cause of action exists against insurance providers). Here, there is no allegation that Defendant was an insurance company or other insurer within the meaning of the NFIA.

explaining why the motion should be granted, including information on the potential principal witnesses and a general statement as to their testimony. See Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F.Supp. 2d. 203, 208 (S.D.N.Y. 1998). "Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are insufficient basis upon which to grant a change of venue under §1404(a)." Id. at 208-9.

Here, Defendant failed to include the requisite factual information in its moving papers. While Defendant has proffered such an affidavit in its reply papers, the Court will not consider this affidavit as arguments cannot be made for the first time in reply papers. See Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); Matera, 355 F.Supp. at 682-3 (denying motion to transfer because only affidavits were attached to reply papers which the court did not consider). Accordingly, Defendant has not satisfied its burden to show that transfer of venue is appropriate and the motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint or, in the alternative, to transfer venue, is denied in its entirety.

SO ORDERED.

Dated: New York, New York
       September 6, 2006

_____
LAURA TAYLOR SWAIN
United States District Judge